(Republished)

■　　PAUL MEDICI et al., Respondents, v. DALTON SCHOOLS, INC., Respondent; ALLIED MAINTENANCE CORPORATION, Appellant; OLIN MATHIESON CHEMICAL CORPORATION, Respondent.— Judgment, Supreme Court, New York County, entered December 27, 1971, modified, on the law and on the facts, to the extent of reinstating the respective cross claims of defendants Allied Maintenance Corporation and Olin Mathieson Chemical Corporation as against each other and apportioning 75% of plaintiffs' damages against Allied and the balance against Olin. Except as so modified, the judgment is affirmed. Plaintiffs-respondents shall recover of appellants $60 costs and disbursements of these appeals. We all agree that the record contains sufficient evidence to support the jury verdict against Allied and Olin and that, as of the date the decision was rendered and the judgment herein entered, no apportionment was permissible between Allied and Olin, since both were concurrently negligent in causing the accident. The majority also agrees with the well-reasoned opinion of the learned Trial Justice holding defendant the Dalton Schools, Inc., liable to plaintiffs for breach of its nondelegable duty of providing them with a safe place to work; but awarding said defendant judgment over against

both codefendants. Several months after entry of the judgment, and while appeals therefrom were pending, *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) was decided, now permitting apportionment between active tort-feasors. Since the parties agreed that resolution of the several cross claims should be made by the court rather than by the jury, we may grant the judgment warranted by the evidence adduced. (*Hacker* v. *City of New York*, 26 A D 2d 400, affd. 20 N Y 2d 722; *Fass* v. *City of New York*, 40 A D 2d 772.) On the record before us, we conclude that Allied was more culpable than Olin and that the damages should be assessed in the proportion above indicated. Concur — Nunez, Murphy and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: I do not agree with the majority in respect of their holding that Dalton is liable. As said recently by the Court of Appeals: "If we apply, as we must, the rule that the limits of the duty owed are drawn by what could necessarily be anticipated, or, to put it another way, if the risk reasonably to be perceived defines the duty to be obeyed, then no actionable negligence has been established, and hence plaintiff has not met her burden and her claim must fail." (*Pollick* v. *Board of Educ. of City of N. Y.*, 33 N Y 2d 745, 746). The plaintiffs' trial counsel, in his summation, admitted Dalton "had no active role in this particular event". Actually, Dalton hired Allied as an independent contractor. And as the Trial Judge said in his opinion: "However, Allied has failed to take into consideration that although the chemical was purchased by Dalton, the original recommendation for the use of HTH as a swimming pool cleaner was made to Dalton by Allied. The proof showed that when the drums of HTH were delivered to Dalton, the deliveries were accepted by Allied and that Dalton never had any contact with the product. Although Dalton instructed Allied to clean out the storeroom where the chemical was kept, no proof was submitted to show that Dalton had any knowledge of the latent danger of the chemical, or that Dalton intended to have such chemical disposed of as garbage." As such, Dalton cannot be liable for an injury that resulted from a lapse attributable solely to the independent contractor. "The duty of an owner or general contractor to provide a safe place of work for employees of subcontractors has been said to be 'clearly distinguishable from that arising through negligent acts of a subcontractor occurring as a detail of the work' (*Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463, 466, affd. 263 N. Y. 547; cited with approval in *Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52, 56)." (*Rusin* v. *Jackson Hgts. Shopping Center*, 27 N Y 2d 103, 107). The "safe place to work" theory is not applicable. The explosion occurred not on the Dalton premises, but in a sanitation truck parked across the street from the premises of the Dalton School. Settle order on notice. [43 A D 2d 557.]